Richard **SIDER**, Plaintiff–Appellant,

v.

**VALLEY LINE**, et al.,
Defendant–Appellee.

No. 88–3305

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 17, 1988.

Rehearing Denied Nov. 21, 1988.

---

Paul G. Aucoin, Vacherie, La., for plaintiff-appellant.

James Shuey, New Orleans, La., for defendant-appellee.

Before GEE, WILLIAMS, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Richard Sider appeals the district court's decision granting Valley Line's motion to dismiss on grounds of *res judicata.* Because we find all the requisites for application of Louisiana's doctrine of *res judicata* present, we AFFIRM.

## I

Richard Sider was assigned by Robin Temporary Service to clean barges at a barge-washing facility on the Mississippi River near Vacherie, Louisiana. While cleaning a barge owned by Valley Line Company, Sider fell from a ladder and was injured.

In September 1983, Sider filed suit in Louisiana state court against Valley Line, A & M, Robin Temporary Service, Armant Fleet, and ABC Corporation, seeking compensation for his injuries under the alternative theories of Jones Act liability, Louisiana negligence law, and the Louisiana Workman Compensation Act.

In March 1984, Sider filed the instant lawsuit in federal district court under 33 U.S.C. § 905(b), claiming benefits under the Longshoremen's and Harbor Workers' Compensation Act (LHWCA). In February 1985, this suit was closed for statistical purposes pending the trial and appeal of the state court suit.

The matter was tried in state court in July 1986. At the close of Sider's case-in-chief, the state trial judge granted defendants' motion for involuntary dismissal. In a written judgment issued in November 1986, the trial court found that Sider was not entitled to claim seaman's status under the Jones Act. The trial court further stated:

the plaintiff is entitled to claim the status of a "maritime worker" under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901 *et seq.* However, the plaintiff having failed to prove a case of vessel

negligence against the defendant, The Valley Line Company, and having no right to claim a remedy in tort against his borrowing employer, the defendant, A & M Fleeting & Towing, Inc., the Court concludes that the defendants are not liable unto the plaintiff.

The trial court judgment was affirmed on appeal. *Sider v. Robin Temporary Service*, 515 So.2d 1123 (La.App. 5th Cir. 1987), *cert. denied*, 519 So.2d 146 (La.1988).

At the conclusion of the state court litigation, Sider served the federal complaint upon defendants Valley Line and A & M. The remaining named defendants, Robin Temporary Service, Armant Fleet, and ABC Corporation were never served.

Valley Line and A & M filed a motion to dismiss based on *res judicata* grounds. The district court granted the motion to dismiss and entered judgment in favor of Valley Line and A & M. Defendants' motion for sanctions against Sider was denied. An order was then entered to statistically close the case with regard to the unserved defendants which stated "[i]f and when they are served the case will be reopened."

Sider now appeals the district court decision dismissing his claim on *res judicata* grounds.

## II

### A. JURISDICTION

■ The first issue raised by this appeal is whether the district court judgment is a final appealable order given that it does not dispose of three defendants named in Sider's original complaint and makes no express determination allowing for entry of final judgment against fewer than all the parties, pursuant to Fed.R.Civ.P. 54(b).

The defendants not included in the judgment, Robin Temporary Services, Armant Fleet, and ABC Corporation, were never served with process. The question presented is whether a defendant who has not been served with process is a party for purposes of Rule 54(b).

In *Insinga v. LaBella*, 817 F.2d 1469 (11th Cir.1987), the Eleventh Circuit joined with other circuits who have addressed this issue and held "that where an action is dismissed as to all defendants who have been served and only unserved defendants remain, the district court's judgment may be considered a final appealable order." *Id.* at 1470, *citing Bristol v. Fibreboard Corp.*, 789 F.2d 846, 847 (10th Cir.1986); *Patchick v. Kensington Publishing Corp.*, 743 F.2d 675, 677 (9th Cir.1984); *Leonhard v. United States*, 633 F.2d 599, 608 (2d Cir.1980), *cert. denied*, 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981); *United States v. Studivant*, 529 F.2d 673, 674 n. 2 (3d Cir.1976). These courts reason that unserved defendants are not parties for purposes of Rule 54(b).

In a footnote, the *Insinga* court stated: We acknowledge that a decision of the former Fifth Circuit, *Lohr v. United States*, 264 F.2d 619 (5th Cir.1959), might appear to dictate a different result. *Lohr* involved a single claim against multiple defendants, two of whom were never served with process. The court held that the existence of the unserved defendants destroyed the finality of a judgment which disposed of the plaintiff's claims against the served defendants, therefore the plaintiff's appeal was dismissed. We note, however, that *Lohr* was decided nearly thirty years ago, without the benefit of the thoughtful analyses provided by our sister circuits. Moreover, *Lohr* was decided under the pre–1961 version of Rule 54(b), which addressed only multiple claims but was silent as to multiple parties. *See* Fed.R. Civ.P. 54(b) (advisory committee note to 1961 amendments). For these reasons, we are convinced that *Lohr* is no longer good law on the question of the appealability of the district court judgment in this case.

*Insinga*, 817 F.2d at 1470, n. 3.

We find this authority persuasive and conclude that the fact that these unserved defendants were not considered in the district court's order or judgment does not preclude that judgment from being final for purposes of appeal. Of course we must abide previous decisions of this court. We note, however, that we are reading afresh

Rule 54(b) as amended and, therefore, do not depart from this court's earlier decision in *Lohr*.

There is no reason to believe that there will be any further adjudication in this action. Sider is known to have settled with Robin Temporary Services, Armant Fleet is believed to be an erroneous alternative reference to appellee A & M, and ABC Corporation, cited in Sider's complaint as the owner of the barge, is actually appellee Valley Line. We, therefore, conclude that the district court's judgment is a final appealable order under 28 U.S.C. § 1291, giving this court jurisdiction over Sider's appeal.

## B. RES JUDICATA

■ Sider claims that the district court erred in finding that the state court judgment, which held that he was a "maritime worker" under the provisions of the LHWCA, 33 U.S.C. § 905(b), and that there was no vessel negligence on the part of defendant Valley Line, precluded him from litigating his LHWCA claim in federal court.

■ A state court judgment commands the same *res judicata* effect from the federal court as it would have in the court that rendered it, regardless of whether the state court applied state or federal law. 28 U.S.C. § 1738; *Rollins v. Dwyer*, 666 F.2d 141, 144 (5th Cir.1982). Thus, we apply Louisiana principles of *res judicata*.

La.Rev.Stat.Ann. § 13:4231 (West Supp. 1988) provides the following definition to the doctrine of *res judicata:*

> The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.[1]

1. This statutory provision is a precise re-enactment of Article 2286 of the Louisiana Civil Code. In *Mitchell v. Bertolla*, the Louisiana Supreme Court explained that the term "cause

Thus, Louisiana's doctrine of *res judicata* precludes litigation of the object of the judgment when there is an identity of the parties, the "cause," and the thing demanded. *Welch v. Crown Zellerbach Corp.*, 359 So.2d 154, 156 (La.1978).

The parties do not dispute that there is an identity of the parties and the thing demanded in both the federal and state suits. Sider, however, challenges the district court's finding of *res judicata* on grounds that the federal suit, based on LHWCA, 33 U.S.C. § 905(b), has no identity of "cause" with the state suit. Sider's argument misconstrues the meaning of "cause" as defined by the Louisiana Supreme Court.

In *Mitchell v. Bertolla*, 340 So.2d 287 (La.1976), the Louisiana Supreme Court defined "cause" as the "the juridical or material fact which is the basis of the right claimed or the defense pleaded." *Id.* at 291. The "cause" upon which Sider bases his claim for relief is identical in both lawsuits, i.e., his fall from the barge's ladder. Therefore, all requisites for application of Louisiana's concept of *res judicata* are present.

Sider next argues that *res judicata* should not apply on grounds that the state court impermissibly ruled upon his status under 33 U.S.C. § 905(b), since his state court pleadings did not request relief under § 905(b).

La.Code Civ.Proc.Ann. art. 1154 (West 1984) states that "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading." The state trial court's judgment makes clear that the judge considered the pleadings to be enlarged to include the issue of recovery under § 905(b), and ruled against Sider on that issue.

Contrary to Sider's assertion, the Louisiana Court of Appeal did dispose of these claims on appeal. The court noted in its

of action," in Article 2286 of the Civil Code, was a mistranslation and that the proper translation is the term "cause".

decision that Sider's counsel had argued coverage under LHWCA in response to defendants' motion for involuntary dismissal. *Sider*, 515 So.2d at 1132. The state appellate court further noted that the trial court's judgment discussed Sider's status under the LHWCA and Sider's failure to prove vessel negligence against defendant Valley Line. *Id.* at 1133. Following these observations, the court found that the state trial court judgment had disposed of the LHWCA claims. *Id.*

Plaintiff relies heavily upon the appellate court's earlier remark that it did not address the merits of the § 905(b) action. *Id.* at 1132. However, a reading of the appellate decision shows that Sider did not specify as error the trial court's finding with regard to his status under § 905(b). *Id.* at 1125. As a result, the appellate court apparently did not reach the merits of that claim on review, and affirmed the trial court's dismissal of Sider's action. *Id.* at 1134.

Under *res judicata* principles, this court does not review state court judgments for error, but only for finality. *Rollins*, 666 F.2d at 148. The state court judgment in this matter is final and *res judicata* and the district court correctly so held. AFFIRMED.