881 F.2d 1069
 14 Fed.R.Serv.3d 1314
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Scott FUGATE, Plaintiff-Appellant,
v.
BORG TEXTILE CORPORATION, Defendant-Appellee,
and
Crompton Company, Inc., Defendant.
 No. 88-3827.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 28, 1988.
Decided July 27, 1989.
 
 Sam Ross Harshbarger for appellant.
 Cheryl Ann Eifert, D.C. Offutt, Jr. (Jenkins, Fenstermaker, Krieger, Kayes & Farrell) for appellee.
 Before K.K. HALL, SPROUSE, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff, Scott Fugate, appeals the district court's order dismissing his products liability action against Borg Textile Corporation ["Borg Textile"], which allegedly manufactured the component parts of a child's coat that burned while being worn by Fugate in 1969. We affirm.
 
 
 2
 Scott Fugate was born in Huntington, West Virginia on February 1, 1965. On or about November 20, 1969, when Fugate was four years old, he was severely injured when the coat he was wearing burned. In 1972, Fugate, through this legal guardian, entered into a settlement agreement with J. H. Kellman Co., Inc. ["Kellman"], the alleged manufacturer of the coat, and Sears, Roebuck and Co. ["Sears"], the coat's retailer, releasing Fugate's claims against Kellman and Sears arising out of the incident.
 
 
 3
 On January 29, 1985, Fugate commenced this products liability action against Kellman in a West Virginia federal district court, basing jurisdiction on diversity of citizenship. On August 16, 1985, Fugate filed a motion to amend his complaint to add as defendants Borg Textile and Crompton Company, Inc. ["Crompton"], which allegedly manufactured the component fabrics of the coat assembled by Kellman. By order entered September 18, 1985, the district court granted the motion to amend and, pursuant to a motion by Fugate, dismissed Kellman from the suit with prejudice based on the 1972 settlement. However, Crompton was never served and never appeared in the action.
 
 
 4
 Borg Textile filed a motion for summary judgment based, inter alia, on West Virginia's two-year statute of limitations, W.Va.Code Sec. 55-2-12, which, by operation of West Virginia's tolling provision for infancy, W.Va.Code Sec. 55-2-15, expired on February 2, 1985. In the motion for summary judgment, Borg Textile contended that it had no knowledge of the action against Kellman and knew nothing of Fugate's claim until December, 1985. Accompanying the motion for summary judgment were two affidavits, one executed by Silas Williams, Jr., the attorney for Kellman, stating that he never informed Borg Textile of Fugate's claim, and that to his knowledge, no other representative of Kellman ever notified Borg Textile of the claim.
 
 
 5
 In the other affidavit, James Thompson, Borg Textile's Secretary/Treasurer, swore that although Borg Textile knew as early as 1970 of its potential liability to Fugate, it did not receive notice of Fugate's claim against Kellman until December 5, 1985, when the complaint was amended to add Borg Textile as a defendant.
 
 
 6
 On February 18, 1988, the district court entered an order granting summary judgment, dismissing the action against Borg Textile as barred by the statute of limitations, and awarding costs to Borg Textile. The district court's order contained no express determination that there was no just reason to delay an appeal. See Fed.R.Civ.P. 54(b).
 
 
 7
 Fugate filed his notice of appeal on February 26, 1988. On March 2, 1988, the district court entered an order dismissing the remaining defendant, Crompton, in response to Fugate's expressed intention not to pursue the action further against Crompton. No new notice of appeal was filed.
 
 
 8
 * As a preliminary matter, we address our jurisdiction to hear this appeal. The order entered February 18, 1988, did not dispose of Fugate's claims against Crompton. However, Crompton was never served, nor did Crompton appear in the action. A judgment which disposes of all claims as to all parties served in an action, but does not dispose of claims against a remaining unserved defendant, is a final appealable order, at least when the claims against the remaining defendant are ultimately disposed of, as occurred in the instant case. See Sider v. Valley Line, 857 F.2d 1043, 1045-46 (5th Cir.1988); Insinga v. LaBella, 817 F.2d 1469-70 (11th Cir.1987); Nagle v. Lee, 807 F.2d 435, 438 (5th Cir.1987); Bristol v. Fibreboard Corp., 789 F.2d 846, 847-48 (10th Cir.1986); Patchick v. Kensington Publishing Corp., 743 F.2d 675, 677 (9th Cir.1984); Leonhard v. United States, 633 F.2d 599, 608-09 (2d Cir.1980), cert. denied, 451 U.S. 908 (1981); De Tore v. Local No. 245 of the Jersey City Pub. Employees Union, 615 F.2d 980, 982 n. 2 (3d Cir.1980). We therefore have jurisdiction to consider the appeal.
 
 II
 
 9
 Under W.Va.Code Secs. 55-2-12 and 55-2-15,[1] Fugate had until February 2, 1985 (two years from reaching the age of majority) to file suit against Borg Textile. See Guaranty Trust Co. v. York, 326 U.S. 99 (1945); Maynard v. General Electric Co., 486 F.2d 538 (4th Cir.1973). Fugate filed his action against Borg Textile on December 2, 1985. Therefore, unless the amended complaint related back to the filing of the original complaint against Kellman under Fed.R.Civ.P. 15(c),[2] Fugate's suit was barred by the statute of limitations.
 
 
 10
 The record supports the district court's determination that Borg Textile did not receive notice of the suit instituted against Kellman on January 29, 1985, until December, 1985. As Borg Textile did not have notice of the actual litigation (as opposed to the incidents giving rise to the cause of action), the amended complaint naming it as a defendant was properly deemed not to have related back to the filing of the original complaint against Kellman. See Fed.R.Civ.P. 15(c); Schiavone v. Fortune, 477 U.S. 21, 29-30 (1986); Weisgal v. Smith, 774 F.2d 1277 (4th Cir.1985). Thus, the district court properly held that Fugate's suit was time-barred.
 
 
 11
 We dispense with oral argument because the dispositive issues recently have been decided authoritatively and argument would not aid the decisional process.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 Those provisions state:
 Sec. 55-2-12. Personal actions not otherwise provided for.
 Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.
 Sec. 55-2-15. General saving as to persons under disability.
 If any person to whom the right accrues to bring any such personal action, suit or scire facias, or any such bill to repeal a grant, shall be, at the time the same accrues, an infant or insane, the same may be brought within the like number of years after his becoming of full age or sane that is allowed to a person having no such impediment to bring the same acknowledgment as is mentioned in section eight [Sec. 55-2-8] of this article, except that it shall in no case be brought after twenty years from the time when the right accrues.
 An infant is defined as a person under the age of eighteen years. See W.Va.Code Sec. 2-2-10(m), (aa).
 
 
 [2]
 Federal Rule of Civil Procedure 15(c) provides, in part:
 (c) Relation Back of Amendments ...
 An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.