**Charles G. GLADNEY, and All Others Similarly Situated**

v.

**AMERICAN HERITAGE LIFE INSURANCE COMPANY.**

No. Civ.A. 97–2382.

United States District Court,
W.D. Louisiana,
Monroe Division.

April 5, 1999.

---

Charles G. Gladney, Gladney & Boddie, Scott E. McElroy, Bastrop, LA, Donald C. Douglas, Jr., McLeod Verlander et al, Monroe, LA, for Plaintiff.

Donald J. Anzelmo, Crawford & Anzelmo, Monroe, LA, Covert J. Geary, Alida C. Hainkel, Jones Walker et al., New Orleans, LA, for Defendant.

Donald C. Douglas, Jr., Monroe, LA, Pro se.

## MEMORANDUM RULING

JAMES, District Judge.

Before this Court is defendant American Heritage Life Insurance Company's ("American Heritage") Motion for Summary Judgment. American Heritage asserts that it is entitled to a summary judgment as a matter of law because the plaintiff's claims are barred pursuant to the doctrine of *res judicata* as set forth in La.Rev.Stat. § 13:4231. The plaintiff argues that the doctrine of *res judicata* is inapplicable because the claims being asserted in the instant action constitute separate and distinct causes of action which do not arise out of a transaction or occurrence previously adjudicated. Alternatively, Gladney argues that American Heritage has failed to provide sufficient evidence to support a finding that the plaintiff's claims are barred pursuant to the doctrine of *res judicata*. Jurisdiction is proper pursuant to 28 U.S.C. § 1332 (Diversity Jurisdiction).

For the following reasons American Heritage's Motion for Summary Judgment [Doc. # 16] is GRANTED.

## FACTS

In 1990, Gladney purchased a "Cancer/Dread Disease Expense Plan" from American Heritage bearing policy number 11200960. Gladney subsequently contracted cancer and underwent chemotherapy treatments which began on January 15, 1996. Gladney submitted claims for these chemotherapy treatments to American Heritage. American Heritage denied portions of the claims asserting that the Cancer/Dread Disease Expense Plan was a "limited policy" which covered only the cost of the actual cancer-attacking drug and its physical introduction into the body. American Heritage made benefit payments in accordance with this decision. On November 18, 1996, Gladney filed suit against American Heritage in Bastrop City Court seeking payment of all expenses incurred for his chemotherapy treatments. Gladney also sought penalties and attorney's fees pursuant to La.Rev.Stat. § 22:657. He specifically limited his claim against American Heritage to expenses incurred for chemotherapy treatments between January 15, 1996 through June 27, 1996. American Heritage filed an Exception of Lack of Jurisdiction arguing that the Bastrop City Court lacked jurisdiction over Gladney's claims because the true amount in dispute exceeded the court's jurisdictional limit of $15,000.00. American Heritage pointed out that while Gladney's Petition addressed chemotherapy treatments through June 27, 1996, he had undergone subsequent treatments in September, October and November of 1996, and was continuing to undergo treatments and present claims under the policy. The Bastrop City Court overruled American Heritage's exception.

Following a trial on the merits, the Bastrop City Court entered a final judgment on September 8, 1997, awarding Gladney $10,068.35 in benefits under the American Heritage policy, as well as $3,500.00 in attorney's fees.

Two weeks later on September 22, 1997, Gladney filed the instant suit individually and on behalf of others similarly situated. Gladney is the only plaintiff named in this putative class action. Once again, Gladney asserts that American Heritage has failed to fully pay the claims he filed as a result of chemotherapy treatments. The instant action covers expenses incurred for chemotherapy treatments received on September 12, 1996, September 13, 1996, September 14, 1996, September 15, 1996, September 16, 1996, October 2, 1996, October 3, 1996, October 4, 1996, October 7, 1996, October 8, 1996, October 23, 1996, October 24, 1996, October 25, 1996, October 26, 1996, October 28, 1996, November 13, 1996, November 14, 1996, November 15, 1996, July 11, 1997, and July 18, 1997.

American Heritage asserts that because all of these claims, explanations of benefits and payments predate the September 8, 1997 final judgment, they are extinguished and merged into the Bastrop City Court judgment pursuant to La.Rev.Stat. § 13:4231. Gladney argues that the doctrine of *res judicata* is inapplicable because the claims being asserted in the instant action constitute separate and distinct causes of action which did not arise from the same transaction or occurrence previously adjudicated by the Bastrop City Court. Alternatively, Gladney argues that American Heritage has failed to provide sufficient evidence to support a finding that each failure to pay arises out of the same transaction or occurrence.

## LAW AND DISCUSSION

### A. *Motions for Summary Judgment*

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ. Pro. 56(c). The moving party bears the initial burden of informing the court the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrman*, 954 F.2d 1125,

1132 (5th Cir.1992), *cert. denied,* 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby. Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.* The moving party cannot satisfy its initial burden simply by setting forth conclusory statements that the nonmoving party has no evidence to prove its case. *Ashe v. Corley,* 992 F.2d 540, 543 (5th Cir.1993).

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.,* 19 F.3d 1017, 1023 (5th Cir.1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In evaluating the evidence tendered by the parties, the court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505.

**B.  *Res Judicata***

■ The doctrine of *res judicata* provides that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and serves as an absolute bar to a subsequent action involving the same claims. *Black's Law Dictionary* 1305 (6th ed.1990). The Fifth Circuit has held that "[a] state court judgment commands the same *res judicata* effect from the federal court as it would have had in the court that rendered it, without regard to whether the state court applied state or federal law." *Rollins v. Dwyer,* 666 F.2d 141, 144 (5th Cir.1982); 28 U.S.C. § 1738; *Sider v. Valley Line,* 857 F.2d 1043, 1046 (5th Cir. 1988). Therefore, in order to determine the effect, if any, of the Bastrop City Court judgment on the present suit, the Court must apply Louisiana's *res judicata* principles.

Louisiana Code of Civil Procedure art. 425 states that "[a] party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation." La.Code Civ. Proc. art. 425(A). La.Rev.Stat. § 13:4231 further provides in part:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, **all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.**
>
> \*     \*     \*     \*     \*     \*

(Emphasis added). La.Rev.Stat. § 13:4231. "The central inquiry is not whether the second action is based on the same cause or cause of action (a concept which is difficult to define) but whether the second action asserts a cause of action which arises out of the **transaction or occurrence** which was the subject matter of the first action. This serves the purpose of judicial economy and fairness by requiring the plaintiff to seek all relief and to assert all rights which arise out of the same transaction or occurrence. This prevents needless relitigation of underlying facts and will free the defendant from vexatious litigation; and, by focusing on the transaction or occurrence which would be comparatively easy to determine, this proposal avoids the much more difficult problem of defining what constitutes "cause of action" is avoided. For purposes of res judicata it would not matter whether the cause of action asserted in the second action was the same as that asserted in the first or different as long as it arose out of

the transaction or occurrence that was the subject matter of the first action." (sic) (Emphasis added). La.Rev.Stat. § 13:4231, Comments–1990(a).

■ Therefore, in order to determine whether the plaintiff's claims against American Heritage are barred pursuant to the doctrine of res judicata as set forth in La.Rev.Stat. § 13:4231, the Court must determine: 1) whether the plaintiff's claims against American Heritage in the present suit arise out of the same transaction or occurrence as those causes of action which were fully litigated in the Bastrop City Court suit; and 2) whether the plaintiff's claims in the present suit existed at the time of final judgment in the Bastrop City Court suit.

### 1. Same Transaction or Occurrence

The plaintiff argues that each refusal to pay in violation of La.Rev.Stat. § 22:657 constitutes a separate and distinct cause of action and transaction or occurrence. American Heritage, on the other hand, argues that while each alleged violation of La.Rev.Stat. § 22:657 may constitute a separate cause of action, all alleged violations arise out of the same transaction or occurrence as those claims which were fully litigated in the Bastrop City Court suit.

The phrase "transaction or occurrence" has often been interpreted by federal courts in the context of compulsory counterclaims under Fed.R.Civ.P. 13(a). The Fifth Circuit has set forth a four part test in order to determine whether a counterclaim arises out of the same transaction or occurrence as the main claim:

(1) Whether the issues of fact and law raised by the claim and counterclaim largely are the same; (2) whether res judicata would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; (3) whether substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim; and (4) whether there is any logical relationship between the claim and the counterclaim. An affirmative answer to any of the four ques-

tions indicates the counterclaim is compulsory.

*Park Club, Inc. v. Resolution Trust Corp.,* 967 F.2d 1053, 1058 (5th Cir.1992), *reh'g denied* 976 F.2d 732 (5th Cir.1992). Louisiana courts have applied a similar analysis when interpreting the phrase "transaction or occurrence" as it is found in La.Rev. Stat. § 13:4231. *Durkin v. Quest, Inc.,* 724 So.2d 868 (1998).

■ The issues of fact and law raised by both suits are identical. Gladney asserts that American Heritage is liable under the terms of its policy as well as La.Rev.Stat. § 22:657 for failing to pay all medical expenses associated with chemotherapy treatments. On the other hand, American Heritage asserts that the Cancer/Dread Disease Expense Plan is a "limited policy" which only covers the expense of the actual cancer-attacking drug and its physical introduction into the body. The central issue of what expenses are actually covered under the terms of the American Heritage policy is common to both suits. Furthermore, since the same theories of recovery and defense are asserted, substantially the same evidence will be introduced. Moreover, there is a substantial logical relationship between the two suits. In fact, the only difference between the claims asserted in the two suits are the dates of treatment. Any other approach would result in the continuous relitigation of the identical underlying facts and would subject the defendant to vexatious litigation and the possibility of inconsistent judgments.

Finally, the American Heritage policy provides: "We will pay you and your expenses for treatment of cancer or any dread disease as defined herein which first manifests itself and is diagnosed on or after the Policy Date. Our payments are subject to the terms of this policy...." The Court concludes that the transaction or occurrence giving rise to American Heritage's continuing obligation to pay for cancer treatment expenses was Gladney's contraction and diagnosis of cancer after the policy date. Therefore, Gladney's claims

against American Heritage for its failure to pay all expenses incurred in relation to his chemotherapy treatments from September 12, 1996 through July 18, 1997, arise out of the same transaction or occurrence as those causes of action which were fully litigated in the Bastrop City Court suit.

## 2. Claims Existed at Time of Final Judgment

Now that this Court has concluded that the causes of action in the present suit arose out of the same transaction or occurrence as those litigated in the Bastrop City Court suit, the Court must determine whether Gladney's present claims existed at the time of final judgment.

La.Rev.Stat. § 13:4231 bars *only* those causes of action which have accrued or exist at the time of final judgment. A review of the record shows that all treatment, explanations of benefits, and payment dates in the present suit were *prior* to the entry of *final judgment* on September 8, 1997. In fact, all but two treatment dates arose *prior* to the *filing* of the suit in Bastrop City Court on November 18, 1996. The only treatment dates during the pendency of the Bastrop City Court suit were on July 11, 1997 and July 18, 1997, and none of the claims arose after entry of final judgment. Gladney was on notice as early as August 14, 1997, that American Heritage would not pay all expenses incurred as a result of these treatments.

Louisiana law provides that a claim that arises before trial, "may be asserted through an amended or supplemental petition, and these claims will relate back to the time of the original filing if they arise out of the transaction or occurrence set forth in the original petition." La.Rev. Stat. § 13:4231, Comments–1990(e). Alternatively, a plaintiff may seek a reservation in the judgment of the right to bring another action. *Id.* The Louisiana Legislature in drafting La.Rev.Stat. § 13:4231 specifically considered ways in which to deal with claims which accrue during the pendency of the action and prior to judgment. Gladney failed to take either of

these steps to preserve his other claims against American Heritage. Therefore, the Court concludes that the plaintiff's claims in the present suit existed at the time of final judgment in the Bastrop City Court suit.

Accordingly, the Court concludes that pursuant to La.Rev.Stat. § 13:4231, Gladney's claims against American Heritage in the present suit are extinguished and merged with the Bastrop City Court judgment entered on September 8, 1997.

## C. *Putative Class Claims*

"Inclusion of class action allegations in a complaint does not relieve a plaintiff of himself meeting the requirements for constitutional standing, even if persons described in the class definition would have standing themselves to sue. If the plaintiff has no standing individually, no case or controversy arises. This constitutional threshold must be met before any consideration of the typicality of claims or commonality of issues required for procedural reasons by Fed.R.Civ.P. 23." *Brown v. Sibley,* 650 F.2d 760, 771 (5th Cir.1981). Gladney is the only named plaintiff in this putative class action. This Court concludes that his claims are extinguished and merged pursuant to the doctrine of *res judicata.* Consequently, Gladney lacks the requisite standing to bring the present action. "In a single-claim action, because individual standing requirements constitute a threshold inquiry, the proper procedure when the class plaintiff lacks individual standing is to dismiss the complaint, not to deny the class for inadequate representation or to allow other class representatives to step forward. This dismissal should take place before class certification issues are ever reached." *Id.*

## D. *Conclusion*

Although the Court always desires that plaintiffs be given the opportunity to pursue legitimate claims, to allow Gladney to bring these claims would defeat the clear purpose of the legal principle of *res judica-*

*ta.* It would result in a waste of judicial resources. It would be unfair to American Heritage and require them to defend two lawsuits with identical factual and legal issues, and subject them to the possibility of inconsistent judgments. It would also allow plaintiffs in cases of this sort to file an unending series of lawsuits with identical factual and legal issues.

Moreover, this is not a situation where Gladney was unaware of these other claims or was not allowed to assert them in his first suit. In fact, American Heritage brought the existence of these other similar claims to light in its Exception of Lack of Jurisdiction filed in the Bastrop City Court suit. If Gladney desired to pursue all of his claims, he could have amended his petition to include all accrued claims, or sought to have language included in the judgment reserving his right to pursue them at a later date. When Gladney failed to do any of these things, he put himself in a position from which we do not feel we can extract him. The Court concludes that pursuant to La.Rev.Stat. § 13:4231, Gladney's claims against American Heritage in the present suit are as a matter of law extinguished and merged with the Bastrop City Court judgment entered on September 8, 1997.

Accordingly, American Heritage's Motion for Summary Judgment is GRANTED and Gladney's claims against American Heritage are dismissed with prejudice, each party to bear its own costs. Furthermore, as Gladney is the only named plaintiff, the complaint on behalf of others similarly situated is also dismissed without prejudice.