**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-6903**

_____

RICKY BUTLER,

      Plaintiff - Appellant,

    v.

SUPERINTENDENT EDWARD HULL, a/k/a Superintendent Ted Hull; NURSE HRYN; ASSISTANT SUPERINTENDENT PHYLLIS BACK, a/k/a Deputy Superintendent Back, a/k/a Major Back; CORRECTIONAL OFFICER LAW, JR.; CORRECTIONAL OFFICER LAW, SR.; CORRECTIONAL OFFICER BUNTIN; CORRECTIONAL OFFICER WILLIAMS; NURSE VAUGHAN; SERGEANT TYLER TAYLOR, a/k/a Sergeant Taylor; CHIEF OF SECURITY DARYL TURNER, a/k/a Captain Daryl Turner, a/k/a Captain Turner; DR. JAMES DUDLEY, Medical Director at Northern Neck Regional Jail and Physician at Riverside Tappahannock Hospital; LIEUTENANT J. NEWSOME, a/k/a Lieutenant Newsome; LIEUTENANT ELEAZAR LUNA, a/k/a Lieutenant Luna; AMY DAMERON, a/k/a Medical Director Amy Dameron, Inmate Services Director; JAMES BARNES, a/k/a EMT Barnes, Emergency Medical Technician/Assistant Medical Director; EMERGENCY MEDICAL TECHNICIAN JETER, a/k/a EMT Jeter; EMERGENCY MEDICAL TECHNICIAN SHELTON, a/k/a EMT Shelton; KEITH JOHNSON, a/k/a Counselor Johnson, Mental Health Counselor; CORRECTIONAL OFFICER HARRIS; OFFICER IAN HOUCHIN, a/k/a Correctional Officer Houchin; OFFICER ANTHONY T. GRAY, a/k/a Correctional Officer Gray; SERGEANT ENGLISH; OFFICER ALEX WILLIAMS; OFFICER DORIAN GARNER; OFFICER CHASITY JONES, a/k/a Chasity Taylor; OFFICER DIVINE VENEY; OFFICER ASHLEY VENEY; OFFICER BERNARD NELSON; LIEUTENANT BURRELL; OFFICER JOHNTIEUS BALL; OFFICER R. RAY; OFFICER R. WALKER; OFFICER C. THOMAS; OFFICER SMITH; OFFICER GIBSON; OFFICER JOHNATHAN DAVIS; OFFICER MALCOLM PARKER; OFFICER WESTON SHROPSHIRE; OFFICER BRYAN TINDER; OFFICER SIGIFREDO A. LUNA; OFFICER E. FREDERICK; OFFICER E. HALL; OFFICER DANIEL BROWN; OFFICER ESAW LEE; OFFICER J. VIARS; OFFICER RICHARD ROSE; OFFICER ANTHONY DARBY; OFFICER CONNOR JERNIGAN; OFFICER MELINDA BEST; OFFICER J. DEGAETANI;

SERGEANT W. CHATHAM; SERGEANT M. MOORE; SERGEANT R. KNIGHT; SERGEANT SAMUEL BRINKLEY; LIEUTENANT CURTIS BURTON; DR. JEFFREY M. HASKINS, Urologist at Riverside Tappahannock Hospital; RIVERSIDE TAPPAHANNOCK HOSPITAL; RIVERSIDE HEALTH SYSTEM, as parent company at Riverside Tappahannock Hospital; DR. EMMETH A. DANIEL, Riverside Tappahannock Hospital Doctor,

Defendants - Appellees,

and

NORTHERN NECK REGIONAL JAIL; NORTHERN NECK REGIONAL JAIL BOARD,

Defendants.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Michael Stefan Nachmanoff, District Judge.  (1:18-cv-01525-MSN-JFA)

---

Submitted:  August 18, 2025                    Decided:  October 7, 2025

---

Before THACKER, QUATTLEBAUM, and HEYTENS, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

**ON BRIEF:** Richard B. Katskee, Margaret Ash, Sarah Grace Hudson, Timothy J. Southam, DUKE UNIVERSITY SCHOOL OF LAW, Durham, North Carolina, for Appellant.  Jeff W. Rosen, Lisa Ehrich, PENDER & COWARD, PC, Virginia Beach, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

Ricky Butler, a former pretrial detainee at Northern Neck Regional Jail, appeals the district court's orders granting summary judgment to several defendants in this 42 U.S.C. § 1983 action.[1] Butler alleges that the defendants failed to protect him and were deliberately indifferent to his serious medical needs in violation of his Fourteenth Amendment rights.[2]

The constitutional rights of pretrial detainees like Butler are protected by the Fourteenth Amendment, not the Eighth Amendment. *See Mays v. Sprinkle*, 992 F.3d 295,

---

[1] In his verified complaint, Butler named twenty-five defendants. The district court dismissed nine defendants and granted summary judgment to thirteen defendants, leaving three defendants. Butler has not served the three defendants. We have jurisdiction over appeals from final orders of district courts. 28 U.S.C. § 1291. "Ordinarily, a district court order is not 'final' until it has resolved all claims as to all parties." *Fox v. Balt. City Police Dep't*, 201 F.3d 526, 530 (4th Cir. 2000) (citation omitted). But we do not view finality rigidly. *Est. of Cunningham v. Mayor of Balt.*, 128 F.4th 238, 242 (4th Cir. 2025). For instance, an unpublished opinion of this Court has indicated that a "judgment which disposes of all claims as to all parties served in an action, but does not dispose of claims against a remaining unserved defendant, is a final appealable order, at least when the claims against the remaining defendant are ultimately disposed of." *Fugate v. Borg Textile Corp.*, 881 F.2d 1069, 1989 WL 87651, at *2 (4th Cir. 1989) (unpublished table decision) (per curiam). Other circuits have concluded that the presence of unserved defendants does not preclude a district court from entering a final order, even where a district court does not ultimately dispose of the unserved defendants. *See, e.g.*, *Sider v. Valley Line*, 857 F.2d 1043, 1045–46 (5th Cir. 1988) (per curiam) (collecting cases). As decisions like *Fugate* and *Sider* suggest, notwithstanding the presence of the unserved defendants, we may exercise jurisdiction over this appeal.

[2] The district court construed Butler's complaint as asserting six types of claims: violations of the Fourteenth Amendment's equal protection clause, deliberate indifference to his serious medical needs in violation of the Fourteenth Amendment, failure to protect in violation of the Fourteenth Amendment, use of excessive force in violation of the Fourteenth Amendment, conditions of confinement under the Fourteenth Amendment and negligence under Virginia law. Butler has appealed only the district court's decisions as to his deliberate indifference and failure-to-protect claims.

3

300 (4th Cir. 2021). But when the district court entered its orders, our precedent required it to evaluate Butler's failure-to-protect and deliberate indifference claims using the standard governing deliberate indifference claims raised by prisoners pursuant to the Eighth Amendment as instructive guidance in the Fourteenth Amendment context. *See, e.g.*, *Younger v. Crowder*, 79 F.4th 373, 381–82, 381 n.11 (4th Cir. 2023). The Eighth Amendment standard includes objective and subjective components. *Id.* at 382 (recognizing that a plaintiff must first show that he was exposed to an objectively substantial risk of serious harm and then must show that a defendant subjectively recognized and ignored the risk). In resolving Butler's failure-to-protect and deliberate indifference claims, the district court applied this Eighth Amendment standard. The district court concluded that Butler's injuries and risk of harm satisfied the objective seriousness prongs of the standard, but Butler had not shown that the defendants acted with subjective deliberate indifference.

After the district court entered its orders, our decision in *Short v. Hartman*, 87 F.4th 593 (4th Cir. 2023), held that the Supreme Court's decision in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), had abrogated our precedent that required the application of the subjective element of the Eighth Amendment standard to a pretrial detainee's deliberate indifference claims under the Fourteenth Amendment. *Short*, 87 F.4th at 610–11. Now, a pretrial detainee may "state [a] Fourteenth Amendment claim[] for deliberate indifference to a serious risk of harm on the purely objective basis that the 'governmental action' they

challenge is not 'rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Id.* at 611 (quoting *Kingsley*, 576 U.S. at 398).[3]

Because the district court did not have the benefit of our decision in *Short* when it granted summary judgment to the defendants, we vacate the district court's orders and remand for the district court to consider the defendants' motions in light of *Short* in the first instance. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[3] Post-*Short*, a pretrial detainee may still succeed under the Eighth Amendment standard, but that showing "is no longer necessary." 87 F.4th at 611.