Carmen M. LOHR, Appellant,

v.

**UNITED STATES of America et al.,**
Appellees.

No. 17468.

United States Court of Appeals
Fifth Circuit.

March 20, 1959.

Rehearing Denied April 16, 1959.

Robert M. Brake, Benjamin W. Turner, Turner, Hendrick, Fascell & Brake, Coral Gables, Fla., for appellant.

Howard E. Shapiro, Morton Hollander, Attys. Dept. of Justice, Washington, D. C., Robert W. Rust, Asst. U. S. Atty., Miami, Fla., George Cochran Doub, Asst.

Atty. Gen., James L. Guilmartin, U. S. Atty., Miami, Fla., for appellees.

Before RIVES and TUTTLE, Circuit Judges, and SIMPSON, District Judge.

PER CURIAM.

This suit was filed on June 24, 1958, by Carmen M. Lohr against several defendants—the United States of America, the Civil Aeronautics Administration, an agency of the United States of America; Riddle Airlines, Inc., a Florida Corporation; Sandy & Company; and Hector Alexander—to recover damages for the death of plaintiff's husband, a commercial airline pilot who was killed in the crash of a C-46 type aircraft operated by Riddle Airlines near Hollywood, South Carolina on December 17, 1955.

On August 12, 1958, the district court entered an order dismissing with prejudice the second amended complaint as to the defendant United States of America for failing "to show a duty owing the plaintiff by the United States of America, or the Civil Aeronautics Administration for which a cause of action would lie under the Federal Torts Claims Act." On August 25, 1958, this appeal was taken from that order. After the filing of the Notice of Appeal, a motion for summary judgment was granted for Riddle Airlines, Inc. on November 12, 1958, and plaintiff was allowed a voluntary non-suit as to the defendants Sandy & Company and Hector Alexander on December 9, 1958, neither of whom had been served with process.

■ On December 5, 1958, the appellee, United States of America, filed in this Court a motion to dismiss the appeal on the ground that "the order dismissing as to the United States is interlocutory only and not a final decision under 28 U.S.C.A. § 1291, since the suit is still pending in the district court against defendants Sandy & Company, and Hector Alexander, who have not yet been served." This motion further alleged that:

"Because the case involves a single claim asserted against multiple defendants, it must 'be governed by the

line of cases which have held that an appeal cannot be taken from the lower court's order dismissing one or several defendants while there remains a controversy as to the other defendants on the same claim'. Reagan v. Traders and General Insurance Co. [5 Cir.], 255 F.2d 845, 847. See also, United States v. Woodard [5 Cir.], 257 F.2d 805; Meadows v. Greyhound Corp. [5 Cir.], 235 F.2d 233. This rule also applies to parties defendant who have not been served. They are still parties to the lawsuit and service may still be had on some or all of them. Hardy v. Bankers Life & Casualty Co. [7 Cir.], 222 F.2d 827, 828."

The motion to dismiss the appeal is well taken since this Court is bound by the authorities cited.

■ Appellant in oral argument, however, insists that the subsequent non-suit taken as to the defendants Sandy & Company and Hector Alexander on December 9, 1958, four days after the motion to dismiss the appeal was filed, is sufficient to convert the district court's order of August 12 dismissing the amended complaint from an interlocutory order into a final decision under 28 U.S.C.A. § 1291 so that the notice of appeal would be timely made. In the alternative, appellant says that her appeal of August 25, 1958, even though taken from a non-appealable order, was in the nature of a "continuing" or a "suspending" notice of appeal which attached to any final decision in the case; and that either the order granting the voluntary non-suit on December 9 constituted a final decision or it converted the order dismissing the United States as a party defendant into a final decision with effective date of December 9.

■■ While in sympathy with appellant's plight, we cannot afford to give the Judicial Code or the Rules of Procedure any such fictional construction. Rule 73(a), F.R.Civ.P., 28 U.S.C.A., states simply that "the time within which an appeal may be taken shall be 30 days

from the entry of the judgment appealed from \* \* \*." (60 days where the United States is a party.) This "judgment appealed from" must be either a "final decision" under 28 U.S.C.A. § 1291 or a certain "interlocutory decision" under 28 U.S.C.A. § 1292. Here, the "judgment appealed from" was the order of dismissal of August 12, 1958. Compare: Lemke v. United States, 1953, 346 U.S. 325, 74 S.Ct. 1, 98 L.Ed. 3; United States v. Crescent Amusement Co., 1944, 323 U.S. 173, 177, 65 S.Ct. 254, 89 L.Ed. 160. It was neither a final nor an interlocutory decision of the kind which will support an appeal to this Court.

The appeal is therefore

Dismissed.