John INSINGA, as Personal Representative of the Estate of Mildred Insinga, Deceased, Plaintiff-Appellant,

v.

Michelle LaBELLA, et al., Defendants,

Humana, Inc., d/b/a Biscayne Medical Center, Defendant-Appellee.

No. 86–5906.

United States Court of Appeals, Eleventh Circuit.

May 8, 1987.

Joel D. Eaton, Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, P.A., Miami, Fla., for plaintiff-appellant.

Henry Burnett, Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., Daniel F. Beasley, Miami, Fla., for defendant-appellee.

Before RONEY, Chief Judge, HILL and KRAVITCH, Circuit Judges.

BY THE COURT:

On our own motion we have raised the question of whether this court has jurisdiction over this appeal. We conclude that where final judgment has been entered as to all defendants who have been served

with process and only unserved defendants remain, the district court's order may be considered final under 28 U.S.C. § 1291 for purposes of perfecting an appeal.

Appellant John Insinga commenced this medical malpractice action in the state courts of Florida in 1983, naming as defendants the Florida Department of Professional Regulation (Department), the Florida Board of Medical Examiners (Board), Humana, Inc. (Humana), and Michelle LaBella, an alias used by Canadian citizen Morton Canton. All defendants were served except Canton, who had been extradited to Canada prior to the initiation of this suit and is said to be currently jailed in a Canadian prison. Appellant voluntarily dismissed the Department, and the Board subsequently obtained final summary judgment in its favor. After Humana successfully removed the case to United States district court, the court sua sponte granted a directed verdict in its favor and entered judgment thereon. Insigna now appeals this judgment in favor of Humana.[1]

Both parties contend that this court has jurisdiction over this appeal. They argue that Humana was the only remaining defendant in the district court, as appellant asserts that he has no present intention of ever serving Canton with process. All other circuits which have addressed this issue have held that where an action is dismissed as to all defendants who have been served and only unserved defendants remain, the district court's judgment may be considered a final appealable order. *See Bristol v. Fibreboard Corp.*, 789 F.2d 846, 847 (10th Cir.1986); *Patchick v. Kensington Publishing Corp.*, 743 F.2d 675, 677 (9th Cir.1984); *Leonhard v. United States*, 633 F.2d 599, 608 (2d Cir.1980), *cert. denied*, 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981); *United States v. Studivant*, 529 F.2d 673, 674 n. 2 (3d Cir.1976). These courts reason that a defendant who has not been served with process is not a party for purposes of Fed.R.Civ.P. 54(b). With only an unserved defendant remaining, there is no reason to assume that there will be any further adjudication of the action.

We find this unanimous authority to be persuasive. Here, the unserved defendant is currently residing in a Canadian jail, unlikely to seek to litigate further any aspect of this case. In these circumstances, there is no reason for Rule 54(b) to preclude the immediate entry of a final judgment.[2] We hold that Canton, the unserved defendant, is not a party to this action for purposes of Rule 54(b). The judgment of the district court in favor of Humana is therefore a final appealable order under section 1291, giving this court jurisdiction over Insinga's appeal.[3]

---

1. We note that the district court did not merely grant a directed verdict in favor of Humana; it issued an "ORDER GRANTING A DIRECTED VERDICT AND A *FINAL JUDGMENT* IN FAVOR OF DEFENDANT HUMANA, INC., *See* Distr.Ct. order at 1 (emphasis added). Thus, it appears that the district court considered this order to be a final disposition of the case. The court did not, however, make the required certification that there was no just reason for delay and expressly direct the entry of judgment in accordance with Fed.R.Civ.P. 54(b). *See Williams v. Bishop,* 732 F.2d 885, 885 (11th Cir.1984) (no jurisdiction over appeal where district court fails to make required certification under Rule 54(b)).

2. Of course, if the district court is given reason to believe that it is premature to assume that service will not be made on the currently unserved parties, it can direct that final judgment under Fed.R.Civ.P. 58 not be entered until further order of the court. *See Leonhard,* 633 F.2d at 608 n. 9; *cf. Patchick,* 743 F.2d at 677 (action not final for purposes of appeal where dispute over service of process not yet resolved by district court).

3. We acknowledge that a decision of the former Fifth Circuit, *Lohr v. United States,* 264 F.2d 619 (5th Cir.1959), might appear to dictate a different result. *Lohr* involved a single claim against multiple defendants, two of whom were never served with process. The court held that the existence of the unserved defendants destroyed the finality of a judgment which disposed of the plaintiff's claims against the served defendants, therefore the plaintiff's appeal was dismissed. We note, however, that *Lohr* was decided nearly thirty years ago, without the benefit of the thoughtful analyses provided by our sister circuits. Moreover, *Lohr* was decided under the pre-1961 version of Rule 54(b), which addressed only multiple claims but was silent as to multiple parties. *See* Fed.R.Civ.P. 54(b) (advisory committee note to 1961 amendments). For these reasons, we are convinced that *Lohr* is no longer good law on the question of the appealability of the district court judgment in this case.