[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15843
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 12, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-23627-TEB

KENIA GARCIA,

Plaintiff - Appellant,

versus

GREGORY F. GEORGES,
ALAMO FINANCING LLC,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 12, 2011)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Kenia Garcia ("Garcia") appeals the district court's order of final judgment in favor of Defendant-Appellee Alamo Financing, LP ("Alamo"). Garcia was injured when she was struck by a vehicle driven by co-defendant Gregory Georges ("Georges"), who had rented the automobile from Alamo. Garcia filed a complaint against Alamo seeking damages for, among other things, vicarious liability under Fla. Stat. § 324.021(9)(b)(2). The district court, pursuant to Alamo's motion to dismiss, held that Fla. Stat. § 324.021(9)(b)(2) was preempted by federal law, and dismissed Appellant's vicarious liability claim and one of her negligence claims. The district court subsequently entered summary judgment disposing of the remaining claim against Alamo.

On appeal, Appellant argues that the district court erred in granting Alamo's motion to dismiss because: (1) Congress did not intend for the Graves Amendment to preempt capped or limited vicarious liability schemes like that in Fla. Stat. § 324.021(9)(b)(2); and (2) Fla. Stat. § 324.021(9)(b)(2) is exempted from preemption under the Graves Amendment's savings clause.[1] After careful review, we affirm.

---

[1] In this appeal, Garcia has raised arguments only addressing the district court's dismissal of her vicarious liability claim, and therefore has abandoned any other arguments. Denney v. City of Albany, 247 F.3d 1172, 1182 (11th Cir. 2001) (holding that issues not briefed on appeal are considered abandoned). In addition, while Garcia's complaint was filed against Alamo and Georges, we have held that "where an action is dismissed as to all defendants who have been served and only unserved defendants remain, the district court's judgment may be considered a final appealable order." Insinga v. LaBella, 817 F.2d 1469, 1470 (11th Cir. 1987); see also Loman Dev't Co. v. Daytona Hotel & Motel Suppliers, Inc., 817 F.2d 1533, 1536 (11th Cir.

We review a district court's order granting a motion to dismiss for failure to state a claim de novo, applying the same legal standard used by the district court. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). We take the facts in the complaint and all reasonable inferences therefrom as true. Id.

On August 10, 2005, the Safe, Accountable, Flexible, Efficient Transportation Equity Act: A Legacy for Users ("SAFETEA-LU") was codified at 49 U.S.C. § 30106. This legislation is now referred to as the Graves Amendment, after Representative Graves who was a principal proponent of the bill. The Graves Amendment insulates lessors of motor vehicles from vicarious liability. There are two operative provisions: a preemption clause and a savings clause.

The preemption clause states:

> (a) In general. -- An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if --

---

1987). Despite numerous attempts by Garcia, including repeated attempts at the same international addresses, Georges has not been served to date, and we have "no reason to assume that there will be any further adjudication of the action." Insinga, 817 F.2d at 1470. Accordingly, Garcia's case is final and we have jurisdiction over this appeal. Id.

(1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and

(2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

49 U.S.C. § 30106(a). The savings clause states:

(b) Financial responsibility laws. -- Nothing in this section supersedes the law of any State or political subdivision thereof --

(1) imposing financial responsibility or insurance standards on the owner of a motor vehicle for the privilege of registering and operating a motor vehicle; or

(2) imposing liability on business entities engaged in the trade or business of renting or leasing motor vehicles for failure to meet the financial responsibility or liability insurance requirements under State law.

49 U.S.C. § 30106(b).

In Garcia v. Vanguard Car Rental USA, Inc., 540 F.3d 1242, 1245-49 (11th Cir. 2008), we held that the Graves Amendment preempts Fla. Stat. § 324.021(9)(b)(2), the very statutory provision at issue in this appeal.[2] We found that

---

[2] Fla. Stat. § 324.021 imposes statutory caps on the amount of vicarious liability rental car companies could face under the dangerous instrumentality doctrine. In relevant part, the statute provides that:

The lessor, under an agreement to rent or lease a motor vehicle for a period of less than 1 year, shall be deemed the owner of the motor vehicle for the purpose of determining liability for the operation of the vehicle or the acts of the operator in connection therewith only up to $100,000 per person and up to $300,000 per incident for bodily injury and up to $50,000 for property damage. If the lessee or the operator of the motor vehicle is uninsured or has any insurance with limits less

§ 324.021 fell within the Graves Amendment's preemption clause, and that Congress intended to draw a distinction "between liability based on the companies' own negligence and that of their lessees, not between limited and unlimited vicarious liability." Id. at 1248. In addition, we rejected the argument that Florida's vicarious liability scheme is part of its financial responsibility law, so as to be exempted under the savings clause. We held that financial responsibility laws, for the purposes of the Graves Amendment, are "legal requirements, not mere financial inducements imposed by law," like § 324.021(9)(b)(2). Id. Thus, we held, because reading § 324.021(9)(b)(2) into the savings clause exception would "render the preemption clause a nullity," the Florida statute did not satisfy the savings clause. Id.

Garcia controls this case. Garcia directly rejects Appellant's arguments that the preemption clause was only intended to preempt unlimited vicarious liability schemes and that Fla. Stat. § 324.021(9)(b)(2) fell within the savings clause. As noted in the district court's order to dismiss, Appellant neither makes an attempt to distinguish Garcia nor argues that Garcia does not apply. Under the prior precedent rule, we are bound to follow our prior precedent unless and until it is overruled by

than $500,000 combined property damage and bodily injury liability, the lessor shall be liable for up to an additional $500,000 in economic damages only arising out of the use of the motor vehicle.

Fla. Stat. § 324.021(9)(b)(2).

this Court <u>en banc</u> or by the Supreme Court. <u>United States v. Vega-Castillo</u>, 540 F.3d 1235, 1236 (11th Cir. 2008).

Further, not only have we rejected Appellant's arguments in <u>Garcia</u>, but the Florida Supreme Court has recently issued an opinion holding that the federal Graves Amendment preempted Fla. Stat. § 324.021(9)(b)(2), and that Fla. Stat. § 324.021(9)(b)(2) was not a financial responsibility law as contemplated by savings clause of the Graves Amendment. <u>See</u> <u>Vargas v. Enterprise Leasing Co.</u>, __ So. 3d __, 2011 WL 1496474 (Fla. Apr. 21, 2011). Thus, because this precise preemption issue has already been settled by this Court, as well as by the Florida Supreme Court (which would not bind us in any event because the issue involves the interpretation of a federal statute), there is no reason to stay the proceedings. Accordingly, we affirm the district court's order dismissing Appellant's vicarious liability claim, and deny Appellant's request for a stay.

**AFFIRMED.**