[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10903
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cv-61766-MGC

TERRENCE A. DAVIS,
Individually and as next friend for the
minors D.A. and T.A. Davis,

Plaintiff-Appellant,

versus

DANIELE A. DAVIS,
individually,
MARINA GARCIA-WOODS,
as Judge for Seventeenth Judicial Circuit of Florida,
ALFRED T. LAMBERTI,
as Sheriff of Broward County, Florida; Broward County
Sheriff Office Dept of Detention and Community Control
Broward County Florida; State of Florida,
MICHAEL J. SATZ,
as/& State Attorney in and for Broward County, Florida,
JEANNE NEIL,
Child Protection Investigator, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 9, 2014)

Before HULL, PRYOR, and MARTIN, Circuit Judges.

PER CURIAM:

Proceeding pro se, Terrence Davis appeals the district court's dismissal of his civil lawsuit as barred by the doctrine of res judicata. Davis filed the instant suit against: (1) Daniele Davis, his ex-wife; (2) the Honorable Marina Garcia-Wood, a Florida state judge; (3) Michael Satz, State Attorney for Broward County, Florida; (4) Alfred Lamberti, the former Sheriff of Broward County, Florida; (5) Dimos Charoudis, a deputy sheriff; (6) Ronald Faircloth, a deputy sheriff; and (7) L. Samuels, another deputy sheriff.

We affirm the district court's ruling with respect to Davis's claims against Judge Garcia-Wood, State Attorney Satz, and Sheriff Lamberti.[1] We also affirm with respect to Davis's claims against Deputy Sheriffs Charoudis, Faircloth, and Samuel in their official capacities. However, we must reverse and remand the dismissal of Davis's claims against his ex-wife Daniele Davis and against Deputy

_____

[1]We note that Sheriff Lamberti has been replaced as a defendant by Sheriff Scott Israel, the current Broward County Sheriff. The dismissal of Davis's claim against Sheriff Lamberti operates as a dismissal of Sheriff Israel.

Sheriffs Charoudis, Faircloth, and Samuels in their individual capacities because these claims are not barred by res judicata.

## I. BACKGROUND

### A.    Dismissal in Davis I

Before the instant 2012 lawsuit, Davis filed a 2011 lawsuit in the Southern District of Florida against, among others, the seven defendants listed above, alleging violations of 42 U.S.C. § 1983 and the Racketeer Influenced and Corrupt Organizations ("RICO") statutes.  ("Davis I")  Davis's complaint arose out of the arrest, investigation, detention, prosecution, trial, and eventual acquittal of Davis for domestic-violence criminal charges that involved the testimony of his ex-wife Daniele Davis.  Davis contended that the defendants conspired to violate his constitutional rights by interfering with his parent-child relationship and by failing to disclose exculpatory evidence in the domestic-violence criminal case against Davis.

Davis alleged that: (1) his ex-wife Daniele Davis, in an effort to excise Davis from their daughters' lives, manipulated the legal system by giving false and vindictive testimony and other evidence to the court; (2) Deputy Sheriffs Charoudis and Faircloth improperly investigated the domestic violence allegations against Davis; and (3) Deputy Sheriff Samuels falsely swore that he saw Davis punch an individual while detained at the Broward County jail.

3

Davis further claimed that, in prosecuting the domestic violence charges, State Attorney Satz deceived the state court and failed to turn over exculpatory 911 tapes. Finally, Davis asserted that Judge Garcia-Wood (1) essentially terminated his parental rights by issuing a domestic-violence injunction against Davis without a full evidentiary hearing and (2) that she aided the other defendants in interfering with Davis's relationship to his children.

Davis failed to perfect service of his first lawsuit on Deputy Sheriffs Charoudis, Faircloth, Samuels, and his ex-wife Daniele Davis. The other defendants, Judge Garcia-Wood, State Attorney Satz, and Sheriff Lamberti, were served and moved to dismiss the Davis I complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

The district court dismissed Davis I in its entirety. The district court ruled that (1) Davis's RICO claim failed because "the alleged actions do not, and cannot, establish a pattern of racketeering activity"; (2) Davis's claim against State Attorney Satz must be dismissed for lack of subject matter jurisdiction because a complaint relating to lawyer misconduct is subject to an investigation by the Florida Bar and then, if necessary, must be referred to the exclusive jurisdiction of the Florida Supreme Court; (3) Davis's constitutional claims against Judge Garcia-Wood under 42 U.S.C. § 1983 were barred by judicial immunity and the Rooker-Feldman doctrine; and (4) Davis's claim against Sheriff Lamberti, liberally

4

construed, attempted to hold the sheriff vicariously liable for the actions of the deputy sheriffs on the basis of respondeat superior, which is not a viable theory under § 1983.

The district court also addressed Davis's claims against the unserved defendants Charoudis, Faircloth, Samuels, and Daniele Davis, even though none of these four defendants had moved for dismissal. The district court ruled that: (1) Davis's claims against Deputy Sheriffs Faircloth and Charoudis failed because "[n]egligent investigation is not a valid cause of action under § 1983"; (2) Davis's "allegations against Deputy Samuels fail[ed] to state sufficient facts that provide any relevance to the case at issue"; and (3) Davis's claim against his ex-wife failed "because Florida does not recognize" a cause of action for tortious interference with a parent-child relationship by another parent.

Concluding that amendment of the Davis I complaint would be futile, the district court dismissed the first lawsuit in its entirety under Rule 12(b)(6) and directed the clerk of the court to close the case.

## B.    Dismissal of Davis II

Davis brought suit again in 2012, once more naming the same seven defendants. In this second lawsuit, Davis sued all public-employee defendants in their official and individual capacities. ("Davis II")

Davis's complaint again arose out of the same arrest, investigation, detention, and criminal prosecution of Davis for domestic violence. Although adding more detail to his claims, Davis again alleged a conspiracy among the defendants to deprive him of his parental rights. The complaint again centered around: (1) his ex-wife's false charges against him; (2) the deputy sheriffs' investigation and filing of false reports; (3) State Attorney Satz's prosecution and failure to produce the 911 tapes; and (4) Judge Garcia-Wood's injunction against Davis.

Davis also added a few new contentions stemming from the same course of events. For example, he alleged that Sheriff Lamberti (1) implemented policies or practices that allowed his deputies to violate constitutional rights and (2) created and enforced a policy or practice that did not ensure that his deputies provided appropriate medical care to detainees.

Davis sought redress for the defendants' alleged constitutional violations under 42 U.S.C. §§ 1983, 1985, 1986, and 1988. He also asserted a myriad of other claims, such as malicious prosecution and defamation.

All seven defendants moved to dismiss the complaint. The district court granted these motions after concluding that Davis's claims in Davis II were all barred by the doctrine of res judicata. Davis timely appealed.

## II. STANDARD OF REVIEW

We review <u>de novo</u> the district court's grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." <u>Leib v. Hillsborough Cnty. Pub. Transp. Comm'n</u>, 558 F.3d 1301, 1305 (11th Cir. 2009).  We also review <u>de novo</u> the district court's application of the <u>res judicata</u> doctrine.  <u>Griswold v. Cnty. of Hillsborough</u>, 598 F.3d 1289, 1292 (11th Cir. 2010).

### III. DISCUSSION

**A.    <u>Res Judicata</u>**

"The doctrine of <u>res judicata</u>, or claim preclusion, bars the parties to an action from litigating claims that were or could have been litigated in a prior action between the same parties." <u>Lobo v. Celebrity Cruises, Inc.</u>, 704 F.3d 882, 892 (11th Cir. 2013).  <u>Res judicata</u> may be applied only if the party asserting the doctrine can meet its burden of showing that "certain prerequisites are met."  <u>In re Piper Aircraft Corp.</u>, 244 F.3d 1289, 1296 (11th Cir. 2001).  More specifically, the party invoking <u>res judicata</u> must establish that "(1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same." <u>Davila v. Delta Air Lines, Inc.</u>, 326 F.3d 1183, 1187 (11th Cir. 2003) (internal quotation marks omitted).

Here, there is no dispute that the district court's judgment in <u>Davis I</u> was entered by a court of competent jurisdiction, satisfying the first element of <u>res judicata.</u>   We therefore turn to the remaining elements.

**B.      Second Element: Final Judgment on the Merits**

The dismissal in <u>Davis I</u> satisfies the second element because an order dismissing a claim under Rule 12(b)(6) is a final judgment on the merits for purposes of <u>res judicata</u>.  <u>See</u> <u>Lobo</u>, 704 F.3d at 893 ("We also conclude that the [prior] order was an adjudication on the merits because the order was a Rule 12(b)(6) dismissal with prejudice."); <u>see also</u> <u>Hall v. Tower Land & Inv. Co.</u>, 512 F.2d 481, 483 (5th Cir. 1975) ("[G]ranting defendant's motion to dismiss for plaintiff's failure to state a claim upon which relief can be granted operates as an adjudication on the merits.").[2]

We reject Davis's argument that there was no adjudication on the merits because the district court's order dismissing the complaint in <u>Davis I</u> did not use the term "with prejudice."   Even without the words "with prejudice," the dismissal order was, in fact, an adjudication on the merits.  Federal Rule of Civil Procedure 41(b) explains that "[u]nless the dismissal order states otherwise," the dismissal order "operates as adjudication on the merits."  Fed. R. Civ. P. 41(b).  The district

---

[2]In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (<u>en banc</u>), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

8

court in <u>Davis I</u> expressly concluded that amendment of the complaint would be futile and thus dismissed the case "in its entirety" for failure to state a claim.  There is no indication that the dismissal in <u>Davis I</u> was without prejudice or that it was anything other than an adjudication on the merits.  Because the dismissal order here did not "state[] otherwise," it "operates as adjudication on the merits."  Fed. R. Civ. P. 41(b).

## C.    Fourth Element: The Same Causes of Action

Before discussing the third element, we readily conclude that the fourth element of <u>res judicata</u>—the "same causes of action" requirement—is met.  This element is satisfied when the second action "arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action." <u>Ragsdale v. Rubbermaid, Inc.</u>, 193 F.3d 1235, 1239 (11th 1999).

This test is easily met here, as both <u>Davis I</u> and <u>Davis II</u> arose out of the same nucleus of operative facts.  Both cases arose out of the same accusation, investigation, arrest, detention, and prosecution of Davis for a domestic-violence crime. This conclusion is not altered by the fact that <u>Davis II</u> asserted, in part, different legal theories than <u>Davis I</u> and that <u>Davis II</u> alleged certain factual circumstances not explicitly alleged in <u>Davis I</u>.  Because "<u>res judicata</u> operates to preclude not only the issues raised in the prior action, but issues which could have been raised in the prior action," <u>N.A.A.C.P. v. Hunt</u>, 891 F.2d 1555, 1561 (11th

9

Cir. 1990), "[r]es judicata applies not only to the exact legal theories advanced in the prior case, but to all legal theories and claims arising out of the same nucleus of operative facts," Wesch v. Folsom, 6 F.3d 1465, 1471 (11th Cir. 1993); Eastman Kodak Co. v. Atlanta Retail, Inc. (In re Atlanta Retail, Inc.), 456 F.3d 1277, 1288 (11th Cir. 2006) (same).

All claims and legal theories advanced in Davis II arise out of the same nucleus of operative facts that formed the basis for the complaint in Davis I.

**D.    Third Element: Identical Parties**

Under the third element of res judicata, "a judgment will only bar subsequent claims involving the same parties or their privies." Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1502 (11th Cir. 1990).  This requirement is satisfied with respect to (1) Judge Garcia-Wood; (2) State Attorney Satz; and (3) Sheriff Lamberti.   Each one of these three defendants was a party in both Davis I and Davis II.

The "identical party" requirement is also satisfied for Davis's claims against Deputy Sheriffs Charoudis, Faircloth, and Samuels in their official capacities. When a law enforcement officer "is sued under Section 1983 in his or her official capacity, the suit is simply another way of pleading an action against an entity of which an officer is an agent." Abusaid v. Hillsborough Cnty Bd. of Cnty. Com'rs, 405 F.3d 1298, 1302 n.3 (11th Cir. 2005) (internal quotation marks omitted).

10

Thus, Davis's claims against the three deputy sheriffs in their official capacities were actually claims against the Sheriff of Broward County, and not against the three deputy sheriffs.  See id.; Welch v. Laney, 57 F.3d 1004, 1009 (11th Cir.1995) ("[W]here a plaintiff brings an action against a public official in his official capacity, the suit is against the office that official represents, and not the official himself."); Owens v. Fulton Cnty, 877 F.2d 947, 951 n.5 (11th Cir. 1989) ("For liability purposes, a suit against a public official in his official capacity is considered a suit against the local government entity he represents.").

Given that (1) Davis's claim against the three deputy sheriffs in their official capacities in Davis II were actually claims against Sheriff Lamberti and (2) Sheriff Lamberti was a party in Davis I, the "identical parties" requirement is met for Davis's claims against the three deputy sheriffs in their official capacities.

A different conclusion, however, is warranted with respect to Davis's claims against Daniele Davis and against the three deputy sheriffs in their individual capacities.  While they were named as defendants in the Davis I complaint, Daniele Davis and the three deputy sheriffs were never served with process and thus did not become parties for res judicata purposes.  Hart v. Yamaha-Parts Distributors, Inc., 787 F.2d 1468, 1471 (11th Cir. 1986) (holding that "named but unserved defendants [are not] 'parties' for res judicata purposes"); cf. Loman Dev. Co. v. Daytona Hotel & Motel Suppliers, Inc., 817 F.2d 1533, 1536 (11th Cir.

11

1987) (holding that an unserved defendant is not a "party" for purposes of Federal Rule of Civil Procedure 54(b) and, thus, the existence of unserved defendants does not prevent finality of a judgment); Insinga v. LaBella, 817 F.2d 1469, 1470 (11th Cir. 1987) (same); cf. also Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995) (holding that "because [certain defendants] had not been served, they were not parties to this action at the time the magistrate entered judgment").

Because a person is "not bound by a judgment in personam in a litigation in which he is not designated as a party or to which he has not been made a party by service of process," the doctrine of res judicata may not operate against an unserved defendant to the first action—unless the unserved defendant was in privity with a party to the first action. See Griswold, 598 F.3d at 1292 (internal quotation marks omitted); Richards v. Jefferson Cnty., Ala., 517 U.S. 793, 797-99 & n.4, 116 S. Ct. 1761, 1765-67 & n.4 (1996). Accordingly, an unserved defendant in the first action may not affirmatively assert the doctrine of res judicata as a defense to the second action—unless the unserved defendant was in privity with a party to the first action. Hart, 787 F.2d at 1471-72 (holding that an unserved defendant in the first action could not assert res judicata defense unless it could establish privity with a party to the first action); see Lozman v. City of Riviera Beach, Fla.,713 F.3d 1066, 1075 n.7 (11th Cir. 2013) (explaining that nonparties to the first action "cannot rely on res judicata unless they are in privity with [a party

12

to the first action]"); Mann v. Palmer, 713 F.3d 1306, 1311 (11th Cir. 2013) (holding that a defendant who was not a party to the first action could assert res judicata in the second action because he was in privity with a party to the first action); Pelletier v. Zweifel, 921 F.2d 1465, 1501-02 (11th Cir. 1991) (same); Citibank, N.A., 904 F.2d at 1502-03 (same).

Given that Daniele Davis and the three deputy sheriffs were not served with process in Davis I and thus were not parties to that litigation, they can assert the defense of res judicata in Davis II only if they can establish privity with a party in Davis I. Daniele Davis does not contend that she was in privity with any party in Davis I, and we fail to see how she possibly could have been. Thus, the "identical parties" requirement is not satisfied with respect to Daniele Davis. She therefore cannot assert the defense of res judicata in Davis II. Accordingly, we must reverse and remand with respect to Davis's claims against Defendant Daniele Davis.

Deputy Sheriffs Charoudis, Faircloth, and Samuels, however, assert that they have shown they were in privity with Sheriff Lamberti, who was a party in Davis I. We recognize that a substantial legal relationship between an employer and his employee may create privity for purposes of res judicata when the employer is vicariously liable for the employee's acts. See, e.g., Citibank, N.A., 904 F.2d at 1502-03 (holding that a bank could assert a res judicata defense based on a prior judgment dismissing the bank's directors when the claim against the bank in the

13

second action was premised on vicarious liability for the misdeeds of the directors).

This type of privity does not exist here because under <u>Monell v. Dep't of Soc. Serv. of City of N.Y.</u>, 436 U.S. 658, 98 S. Ct. 2018 (1978), Sheriff Lamberti cannot, as a matter of law, be vicariously liable for the § 1983 violations of the three deputy sheriffs. <u>Id.</u> at 694, 98 S. Ct. at 2037-38. In the first lawsuit, <u>Davis I</u>, the district court construed Davis's claim against Sheriff Lamberti to allege vicarious liability for the actions of the three deputy sheriffs, but the district court then correctly dismissed this claim under <u>Monell</u>. Given that Davis could not, as a matter of law, even assert a claim for vicarious liability against Sheriff Lamberti, the district court's ruling in favor of the Sheriff in <u>Davis I</u> does not serve as a <u>res judicata</u> bar to Davis's claims against the three deputy sheriffs in their individual capacities in <u>Davis II</u>. The three deputy sheriffs have cited no precedent from this Court or any other circuit finding privity for <u>res judicata</u> purposes in a scenario similar to the one at hand in this case.

We also reject the deputy sheriffs' attempt to establish privity based on "adequate representation." <u>See Griswold</u>, 598 F.3d at 1292. The Supreme Court in <u>Taylor v. Sturgell</u>, 553 U.S. 880, 128 S. Ct. 2161 (2008), indicated that this privity concept applies in representative litigation, like class actions or cases litigated by trustees or guardians. <u>Id.</u> at 894, 128 S. Ct. at 2172-73. Sheriff

Lamberti's role in this case does not fit this type of representative litigation. Certainly, the deputy sheriffs have cited no case applying the "adequate representation" concept to circumstances similar to this case.[3]

Given that the three deputy sheriffs were not parties and cannot establish privity with a party in Davis I, the "identity of parties" requirement is not satisfied with respect to Davis's claims against the three deputy sheriffs in their individual capacities. The deputies therefore cannot assert the defense of res judicata in Davis II. Accordingly, we must reverse and remand as to these claims.

## IV. CONCLUSION

All four elements of res judicata are satisfied with respect to all claims against Judge Garcia-Wood, State Attorney Satz, and Sheriff Lamberti. All elements of res judicata are also satisfied with respect to Davis's claims against Deputy Sheriffs Charoudis, Faircloth, and Samuel in their official capacities. We therefore affirm the district court's order as to these claims.

However, we reverse with respect to Davis's claims against his ex-wife Daniele Davis and against Deputy Sheriffs Charoudis, Faircloth, and Samuels in their individual capacities and remand for further proceedings. While these four defendants asserted other grounds for dismissal, the district court based the

---

[3]It is also dubious whether the "adequate representation" concept even applies when a nonparty seeks to affirmatively use res judicata as a defense, as the three deputies attempt to do here. We need not decide this question today, given our conclusion that the three deputy sheriffs cannot meet the "adequate representation" exception in any event.

dismissal on only <u>res judicata</u> and did not reach the alternative grounds asserted by them.  Their other defenses should be examined by the district court in the first instance on remand.

**AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.**