[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 19-12585

Non-Argument Calendar

_____

ELISHA GILBERT, JR.,
Trustee; Under Agreement with Elisha Gilbert,
Jr., Trust,

                                                    Plaintiff-Appellant,

*versus*

CITY OF PINE LAKE, GEORGIA,
GEORGIA DEPARTMENT OF DRIVER SERVICES,
DEKALB COUNTY GOVERNMENT,
PUBLIC FINANCIAL MANAGEMENT INC. (PFM),
et al,
PINE LAKE POLICE DEPARTMENT, et. al.,

2                    Opinion of the Court                    19-12585

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cv-00495-TWT

_____

Before BRANCH, BRASHER, and MARCUS, Circuit Judges.

PER CURIAM:

Elisha Gilbert, Jr., proceeding *pro se*, appeals from the district court's dismissal of his civil complaint under 42 U.S.C. § 1983 for failing to state a claim as a matter of law, and because it was a "shotgun" pleading.  Gilbert's complaint alleged that the defendants -- DeKalb County Government ("DeKalb County"), the City of Pine Lake, Georgia ("Pine Lake"), Public Financial Management, Inc. ("PFM"), and the Georgia Department of Driver Services ("DDS") -- kidnapped him and stole his property when a Pine Lake police officer issued him three traffic citations and State Court of DeKalb County officials later arrested him for his courtroom behavior.  On appeal, he argues that the district court: (1) erred in dismissing his complaint, because he was not bound by federal or state law; and (2) abused its discretion when it denied his motions for a default judgment and in setting aside the clerk's entry of

default as to PFM and DDS, because he properly served them. After careful review, we affirm.[1]

We review the district court's grant of a motion to dismiss for insufficient service of process under Fed. R. Civ. P. 12(b)(5) by applying a *de novo* standard to the law and a clear error standard to any findings of fact. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). We also review *de novo* a district court's grant of a motion to dismiss, under Fed. R. Civ. P. 12(b)(6), for failure to state a claim. *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006). In so doing, we accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Id.* We may affirm the district court on any basis the record supports. *See Devengoechea v. Bolivarian Republic of Venezuela*, 889 F.3d 1213, 1220 (11th Cir. 2018). *Pro se* pleadings are held to a less-strict standard than counseled pleadings, and are liberally construed. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

We review a district court's denial of a motion for default judgment for abuse of discretion. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002). Likewise, we review a district court's ruling on a motion to set aside an entry of

---

[1] As an initial matter, we conclude that we have jurisdiction over Gilbert's appeal because the district court's dismissal order disposed of all the claims against all the served parties. Indeed, DDS was never served and has never appeared in this matter; accordingly, we assume that no further proceedings will occur as to DDS, so the action is final for purposes of our appellate jurisdiction. *See Insinga v. LaBella*, 817 F.2d 1469, 1469–1470 (11th Cir. 1987).

default for abuse of discretion.  *Compania Interamericana v. Compania Dominicana*, 88 F.3d 948, 950–51 (11th Cir. 1996).

First, we are unpersuaded by Gilbert's argument that the district court erred in dismissing his § 1983 complaint.  Under 42 U.S.C. § 1983, no person acting under color of state law may deprive another of their rights under the Constitution.  42 U.S.C. § 1983.  Section 1983 provides a cause of action by private citizens against government actors for violating their constitutional rights.  *Id.*  The conduct complained of must have: (1) deprived the plaintiff of a right secured by the Constitution or laws of the United States, and (2) been committed by a person acting under color of state law.  *See Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1276–77 (11th Cir. 2003).

"Person," as used in § 1983, includes municipalities and local government entities.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).  A municipality is liable under § 1983 if the plaintiff shows that: (1) her constitutional rights were violated; (2) the municipality had a custom or policy indicating deliberate indifference to the right; and (3) the policy or custom caused the violation.  *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004); *see also Grech v. Clayton Cnty.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (en banc).  The plaintiff must prove the existence of such a policy, not through one incident, but by evidence of a "longstanding and widespread practice . . . deemed authorized by the policymaking officials because they must have known about it but failed to stop it."  *Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1481 (11th Cir.

1991).    Further, a "municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691.  As we've said, a local governmental entity "does not incur § 1983 liability for injuries caused solely by its employees.  Nor does the fact that a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee infer municipal culpability and causation." *McDowell*, 392 F.3d at 1289 (citations omitted).

Additionally, the State of Georgia is afforded sovereign immunity from suit, which "can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver."  Ga. Const. art. I, § 2, para. IX.  This sovereign immunity also applies to Georgia's counties. *Gilbert v. Richardson*, 452 S.E.2d 476, 479 (Ga. 1994); *see also* O.C.G.A. § 36-1-4 ("A county is not liable to suit for any cause of action unless made so by statute.").

Notably, the procedural requirement of service of process must be satisfied before a federal court may exercise personal jurisdiction over a defendant. *De Gazelle Grp., Inc. v. Tamaz Trading Establishment*, 817 F.3d 747, 748 (11th Cir. 2016).  A defendant's actual notice is insufficient to cure defective service. *Albra*, 490 F.3d at 829.  Nonetheless, objections to service of process can be waived. *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). Under Rule 12(b)(5), a defendant may assert by motion the defense of insufficient service of process. *See id.*; Fed. R. Civ. P. 12(b)(5).

The defense will be waived if (1) the party filed a previous motion and the defense "was available to the party but omitted from its earlier motion"; or (2) the party fails to either file a motion under Rule 12(b)(5) or include the defense in a responsive pleading. *See id.* 12(g)(2), (h)(1).

A plaintiff is responsible for having the summons and the complaint served to each defendant within 90 days after the complaint is filed. *Id.* 4(c), 4(m); *see also id.* 4(c)(2) (providing that a party to an action cannot itself serve a complaint or summons). If service is not effectuated within 90 days, "the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* 4(m). But "notice does not confer personal jurisdiction on a defendant when it has not been served in accordance with Rule 4." *De Gazelle*, 817 F.3d at 750.

Under the Federal Rules of Civil Procedure, a state or local government or any other state-created governmental organization must be served in accordance with the laws of the state or by delivering a copy of the summons and complaint to its chief executive officer. *See* Fed. R. Civ. P. 4(j)(2). Under Georgia law, to effect service on a governmental organization, the plaintiff must serve a proper person, like the Chairman of the Board of Commissioners, the Mayor or City Manager of the city, or an agent authorized by appointment to receive service of process. O.C.G.A. § 9-11-4(e)(5).

Further, under the Federal Rules of Civil Procedure, a plaintiff must serve process on a corporation by delivering the summons

and complaint to an officer or authorized agent, or by complying with any means allowed under state law.  Fed. R. Civ. P. 4(h)(1).  Sending copies of the summons and complaint to defendants by certified mail may be done in addition to delivering the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.  *Id.* 4(h)(1)(B).  Under Georgia law, service of process must be made on a corporation by personally serving "the president or other officer of such corporation or foreign corporation, a managing agent thereof, or a registered agent thereof."  O.C.G.A. § 9-11-4(e)(1)(A).  However, if service on the listed agents cannot be had, the Georgia Secretary of State is deemed an agent of the corporation for purposes of service of process.  *Id.*  To perfect service on the Secretary of State, the plaintiff must deliver a copy of the process to the Secretary of State or other agent designed by the Secretary of State "along with a copy of the affidavit to be submitted to the court pursuant to [the Georgia Civil Practice Act]."  *Id.*

The Federal Rules of Civil Procedure also require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Each claim must be presented in a separate numbered paragraph, "each limited as far as practicable to a single set of circumstances," and "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count."  *Id.* 10(b).  While a complaint need not detail its factual allegations, it must provide the grounds for relief, which "requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. In order to state a claim, the plaintiff must allege enough facts to make the claim "plausible on its face." *Id.* at 570. A complaint does not "suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

Complaints that violate Rule 8(a)(2) and 10(b) are called "shotgun" pleadings. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). A common form a "shotgun" pleading takes is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. In those cases, where "it is *virtually impossible* to know which allegations of fact are intended to support which claim[s] for relief," a dismissal under Rules 8(a)(2) and 10(b) is appropriate. *Id.* at 1325 (quotations omitted).

To reverse a district court judgment that was based on multiple, independent grounds, the appellant "must convince us that every stated ground for the judgment against him is incorrect." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). If the appellant fails to properly challenge one of the grounds on which the judgment was based, "he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Id.* A party does not adequately brief a district court's alternative holdings where he fails to plainly

and prominently raise it, or where he makes only passing references to them in the "statement of the case" or "summary of the argument" and fails to advance arguments or cite authority establishing that those holdings were in error. *Id.* at 681. Additionally, an issue is abandoned when references to it are conclusory assertions or "mere background to the appellant's main arguments or when [it] is buried within those arguments." *Id.* at 682.

Here, the district court did not err in dismissing Gilbert's complaint. For starters, Gilbert fails to challenge, on appeal, some of the independent grounds that the court relied on in its dismissal order, including: (1) that his claims failed as a matter of law for failure to state a claim for relief; and (2) that the complaint was subject to dismissal as a "shotgun" pleading. *Id.* at 680–81. Because Gilbert needed to properly challenge each of these grounds to avoid abandonment and affirmance of the district court's judgment, but he failed to do so, we affirm on this basis.

But even if Gilbert had preserved his challenge to the district court's dismissal, we hold, in the alternative, that it did not err in dismissing his complaint against the defendants -- DeKalb County, Pine Lake, and PFM -- for failure to state a claim. To prevail on his § 1983 claim, Gilbert needed to show that: (1) his constitutional rights were violated; (2) the governmental defendants had a custom or policy reflecting deliberate indifference to those rights; and (3) the policy or custom caused the violation of his rights. *McDowell*, 392 F.3d at 1289. But Gilbert did not allege any specific unlawful behavior -- by a Pine Lake officer, DeKalb County, or otherwise

-- that violated his constitutional rights, nor did he identify a policy or custom that caused a deprivation of his rights. Indeed, a Pine Lake police officer's single interaction with Gilbert, or the state court's holding him in contempt, alone, could not prove a custom or practice, since the policy had to be so widespread as to be "deemed authorized by the policymaking officials . . . [who] must have known about it but failed to stop it." *Brown*, 923 F.2d at 1481.

Gilbert also failed to establish -- or even allege -- that DeKalb County or Pine Lake waived sovereign immunity as to any claim under state law. Ga. Const. art. I, § 2, para. IX.; *see also* O.C.G.A. § 36-1-4. And even if we were to liberally construe his complaint to establish respondeat superior liability, a county or city "cannot be held liable *solely* because it employ[ed] a tortfeasor." *Monell*, 436 U.S. at 691. Thus, his 42 U.S.C. § 1983 complaint against DeKalb County and Pine Lake failed to state a viable claim for this reason too. *Iqbal*, 556 U.S. at 678.

Further, as for PFM, not only did Gilbert fail to allege specific factual allegations giving rise to a cause of action against it, but he failed to verify its relation, even tenuously, to any of his claims. *Id*. In other words, PFM's alleged role and how it acted under "color of state law" -- as required by 42 U.S.C. § 1983 -- was absent from Gilbert's complaint. *Pinellas Suncoast Transit Auth.*, 344 F.3d at 1276–77. Because Gilbert relied only on speculation to hold PFM

liable, his claims against it were properly dismissed under Rule 12(b)(6) as a matter of law. *Twombly*, 550 U.S. at 555.[2]

Globally, Gilbert's complaint contained scattered accusations, making it uncertain, even when liberally construed, what his claims were, and to whom they pertained. *See* Fed. R. Civ. P. 10(b). And not only did the complaint lack crucial information, but, most importantly, it failed to allege any of the necessary elements of a § 1983 claim. *Id.*; *Grech*, 335 F.3d at 1329. Instead, Gilbert merely alleged that state and federal law did not bind him, and he provided no pertinent law to support his proposition. Because his complaint cited nonbinding or otherwise irrelevant authorities that did not clarify or support his contentions and contained conclusory and vague assertions, it did not set forth a basis for relief. *See* Fed. R. Civ. P. 8(a)(2); *Weiland*, 792 F.3d at 1322. As a result, Gilbert's complaint violated Rules 8(a)(2) and 10(b) and was subject to dismissal as a "shotgun" pleading as well. Thus, the district court properly found that Gilbert failed to state a plausible claim for relief

---

[2] In addition, dismissal of Gilbert's claims against PFM and Pine Lake was proper since Gilbert failed to serve either party in accordance with the law. As for PFM, service of process on a corporation solely by certified mail is not allowed. Fed. R. Civ. P. 4(h); O.C.G.A. § 9-11-4(e)(1)(A). As for Pine Lake, the record shows that Gilbert *himself* improperly served process on an administrative agent unauthorized to receive service. *See* Fed. R. Civ. P. 4(c)(2), (j)(2); O.C.G.A. § 9-11-4(c), (e)(5). However, because DeKalb County does not argue on appeal that Gilbert failed to serve it, nor did it in its first responsive motion in the district court, it has abandoned any challenge to Gilbert's improper service. *See Sapuppo*, 739 F.3d at 681; *see also* Fed. R. Civ. P. 12(g)(2), (h)(1).

12                    Opinion of the Court                    19-12585

and that his complaint was a "shotgun" pleading, and we affirm the district court's order granting DeKalb County's, Pine Lake's, and PFM's motions to dismiss.[3]

We also find no merit to Gilbert's claim that the district court abused its discretion when it denied his motions for a default judgment and to set aside the clerk's entry of default as to PFM and DDS. An entry of a default is appropriate when a party against whom relief is sought has failed to plead or otherwise defend against a complaint. Fed. R. Civ. P. 55(a). Where, as here, the plaintiff's complaint does not request a sum certain, he must request a default judgment from the court. Fed. R. Civ. P. 55(b)(2). A default judgment should be used sparingly, however, as it "is a drastic remedy which should be used only in extreme situations." *Mitchell*, 294 F.3d at 1316–17 (quotations omitted). Further, entry of default judgment is warranted only when there is a sufficient basis in the pleadings for the judgment entered. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244–45 (11th Cir. 2015). A "sufficient basis" is akin to that necessary to survive a motion to dismiss

---

[3] We recognize that, ordinarily, a district court must give a *pro se* plaintiff at least one chance to amend his complaint before dismissal. *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc)). However, Gilbert has not challenged the district court's apparent failure to allow him to amend his complaint. Nor does he argue that he was entitled to amend his complaint. *See Sapuppo*, 739 F.3d at 681. Accordingly, he abandoned this issue, and we do not consider it on appeal. *See id.* at 680.

for failure to state a claim. *Id.* Generally, however, "where service of process is insufficient, the court has no power to render judgment and the judgment is void." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003).

Federal Rule of Civil Procedure 55(c) provides, in relevant part, that: "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). To determine what constitutes good cause, courts consider, among other things, the willfulness of the default, whether setting it aside would prejudice the adversary, and whether the defaulting party would have a meritorious defense. *Compania Interamericana*, 88 F.3d at 951.

Here, the district court did not abuse its discretion in denying Gilbert's motions for a default judgment against PFM and DDS, nor in setting aside the clerk's entry of default against them. As we've noted, Gilbert's service upon PFM was improper because service of process on a corporation solely by certified mail is not allowed. Fed. R. Civ. P. 4(h); O.C.G.A. § 9-11-4(e)(1)(A). The district court also correctly held that Gilbert failed to properly serve DDS, which has never appeared in the case. *See* Fed. R. Civ. P. 4(j)(2); O.C.G.A. § 9–11–4(e)(5). And not only has Gilbert failed to properly serve them, he has not even attempted to perfect service in the two and half years since he filed his initial complaint. Because Gilbert did not properly serve either party, a default judgment against either of them would have been void. *In re Worldwide Web Sys., Inc.*, 328 F.3d at 1299.

This is especially true since the record indicates that PFM did not receive notice of the complaint until *after* the clerk's entry of default. Upon notice, however, it responded to Gilbert's complaint within several weeks, showing that it defaulted unwilfully and promptly corrected the default. *Compania Interamericana*, 88 F.3d at 951. Further, merits-based hearings are preferrable to the "drastic remedy" of default judgments. *Mitchell*, 294 F.3d at 1316–17. And as we've explained, PFM had a meritorious defense to Gilbert's suit. *Compania Interamericana*, 88 F.3d at 951. Accordingly, the district court did not abuse its discretion in denying Gilbert's motions for default judgment against PFM and DDS nor in setting aside the clerk's entry of default against them.

Accordingly, we affirm.

**AFFIRMED.**